(No. 106472.)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PHILLIP L. HORRELL, Appellant.

*Opinion filed November 19, 2009.*

Michael J. Pelletier, State Appellate Defender, Robert Agostinelli, Deputy Defender, and Bryon Kohut, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Lisa Madigan, Attorney General, of Springfield, and John Boyd, State's Attorney, of Kankakee (Michael A. Scodro, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

In the case at bar, we are asked to determine whether the trial court properly sentenced defendant to a term of probation on one count which was to commence after his release from prison on other counts. For the reasons that follow, we conclude that the trial court properly sentenced defendant.

### Background

Defendant, Phillip Horrell, was charged with six counts of forgery (720 ILCS 5/17—3(a)(1), (a)(2) (West 2004)), a Class 3 felony. Three of the counts (I, III, and V) related to three separate checks defendant wrote on three different days. The other three counts (II, IV, and VI) related to defendant's delivery of those same checks, each on the day it was written.

On January 10, 2006, defendant entered a blind guilty plea to each count. Prior to accepting defendant's guilty plea, the circuit court of Kankakee County admonished defendant as required by supreme court rule. At the time, it was contemplated by the parties and the court that defendant would be seeking placement in the TASC program for drug treatment (Treatment Alternatives for Criminal Justice Clients). 20 ILCS 301/40—5 *et seq.* (West 2004). Nonetheless, the court advised defendant that he could be sentenced to 2 to 10 years' imprisonment plus one year mandatory supervised release (MSR).[1] The court further advised defendant that,

---

[1]The sentence range for forgery is two to five years' imprisonment. Defendant was eligible for an extended-term sentence based on previous criminal convictions.

if TASC was available, defendant would receive five years' probation and, if defendant failed to complete TASC or violated his probation, he could be sentenced to up to 10 years' imprisonment. Thereafter defendant pled guilty to all six counts.

On the next court date, the trial court advised defendant that, based on a recent appellate court decision, he was not eligible for TASC because of his previous conviction for residential burglary. Because the record, at the time defendant entered his guilty pleas, was silent as to whether defendant would be subject to mandatory imprisonment, the circuit court advised defendant it would allow him to withdraw his guilty pleas if he so desired.

During this hearing, the circuit court also expressed its desire to get defendant into a drug treatment program, its efforts in an attempt to do so, and its intentions regarding sentencing should defendant not withdraw his guilty pleas. The circuit court stated:

"THE COURT: I did talk to Sheridan [a drug treatment facility]. They told me in order to make sure somebody goes to Sheridan and gets drug treatment you need actual time of not less than six months so you need greater than six months but less than two years. That is actual time once you're given credit for time served.

\*\*\*

So I'm just going to tell you what I'm thinking, alright? I'm just going to be real honest with you. I'm thinking if I give you somewhere around—I need to make it be less than two years but greater than six months if I have to give you prison, okay, so you could go to Sheridan which is where they['ve] got the drug treatment program and then I'd be putting you on probation so I'm thinking if I have to give you prison I told the attorneys to calculate—I told [the assistant State's Attorney] somewhere between four and-a-half[,] five years with all the credit for time served which would I think put you between six months and two years.

\*\*\*

*** What I'd be doing probably is giving you a sentence in that range so you'd have over six months but less than two years to serve and I think you do best when I have jurisdiction over you and the law says I could also put you on probation when you got back so that's what I'm thinking I would do and I'm telling you ahead of time, okay, so you can think about it. I'd send you long enough that you can get the drug treatment at Sheridan and then you'd be on probation when you got back. *** If you want to withdraw your plea because when we did the blind plea it was not put on the record by either the State or the defense that you had to go to DOC and that had to be put on the record if that's the law so you understand I'm going to give you time to think about it. ***."

The case was then continued.

When the parties next appeared before the court for sentencing, additional discussions and arguments were had regarding defendant's eligibility for TASC. The trial court reiterated that defendant was not eligible for TASC and invited the parties to present arguments regarding sentencing options. The State noted defendant was eligible for an extended-term sentence, but it would not seek such a sentence. The State further noted defendant was eligible for probation. However, it was the State's recommendation that defendant be sentenced to five years' imprisonment on each of the counts of forgery. Defense counsel argued for a term of three years if defendant did not receive TASC.

Thereafter, the circuit court sentenced defendant to five-year concurrent terms of imprisonment on counts I through V, to be followed by a mandatory one-year period of MSR. Although the sentencing order does not reference count VI, the trial court, at the sentencing hearing, sentenced defendant to one year of supervised probation on this count.

At the sentencing hearing, the court made the following comments:

"THE COURT: *** I'm gonna send him to Sheridan. *** And *** when I talked to Department of Corrections and told them that I needed to make sure that the person I was sentencing would go to a good drug and alcohol program *** they told me that in order to get someone into Sheraton [sic], *** in terms of actual time they had to serve, that it had to be greater than six months but less than two years, which, uh, means you have to do a calculation. ***

***

So, *** I'm gonna do a combination here is what I'm gonna do. I'm gonna actually put you on some pre-probation—when you get out, so I still have jurisdiction over you. Because, uh, I do agree with [defense counsel], I think I can watch your drug problem probably better than Parole can. ***

Uh, and you're not gonna be in prison very long."

Later, the court stated, "In your case, I'm gonna do, uh, a sentence that's legal but not often done. Normally, they—they let Parole watch you. I'm gonna put you on probation when you get out."

And later, the court continued its explanation, saying,

"But, uh, I am going to sentence you—Uh, in this case I'm truly doing what I believe is best for you and best for society. I truly believe, uh, if I were to put you on something like straight probation now, it would end up exactly like my letting you out on bond.[2] All right?

You need to be somewhere where, uh, you can think, which you appear to be able to do in jail versus when you're home and running around ***.

* * *

Okay. I am, uh, also going to put on the record—

And if you have to put it in red, no matter what you have to put it, show, uh—And maybe the best way to do it

---

[2]Defendant had been released on bond in a residential burglary prosecution that was proceeding at the same time as the case at bar. Defendant violated the terms of that release by failing to visit his probation officer.

is so—show—the judge—Judge spoke to, uh, DOC, and the defendant is to be sent to Sheridal [*sic*] Correctional Center ***.

\* \* \*

So you're gonna spend one year in prison, or less. You're gonna get drug treatment there. You're gonna get out. You're gonna report to Probation. They're gonna drug-test you in Probation and—and then they're gonna set up your reporting to me."

When defense counsel inquired as to which count the probation was being imposed for, the court stated it was for count VI. Thereafter, the trial court denied defendant's motion to reconsider sentence, which argued defendant was eligible for TASC and the trial court erred in failing to sentence him to it.

Relevant here, defendant argued on appeal that the sentence of probation on count VI was an impermissible consecutive sentence and, therefore, must be vacated. The State conceded this point in its brief. The appellate court, however, rejected the State's concession.

The appellate court noted that the circuit court's statement that probation for count VI was to begin when defendant "got out" of prison could have meant the sentence of probation was to be served during the MSR period for counts I through V, *i.e.*, after defendant had completed his prison time, or that the probation was to be served after the MSR period was completed, *i.e.*, after the sentences for counts I through V had been completed. Turning to what it deemed the applicable probation statute, section 5—6—2(f) of the Unified Code of Corrections (730 ILCS 5/5—6—2(f) (West 2004)),[3] the appellate court determined that, if the trial court meant defendant

---

[3]This provision provides that a court may impose probation and imprisonment, concurrently or consecutively, as long as the maximum term does not exceed the statutory maximum. It further states that the court may provide that the term of probation commence while the offender is on MSR.

was to serve a term of probation after the completion of MSR, this would be an unauthorized consecutive sentence under the first sentence of section 5—6—2(f). However, if the trial court's intent was that probation was to be served during the MSR period, this would be authorized by the second sentence of section 5—6—2(f). Because only the second alternative was statutorily authorized, the appellate court adopted this interpretation. The appellate court affirmed defendant's convictions but modified the trial court's written sentencing order to make the sentence for count VI a one-year term of probation to be served during the MSR period. 381 Ill. App. 3d 571. This appeal followed. 210 Ill. 2d R. 315.

## Analysis

Initially, we address defendant's argument that the State is estopped from arguing the sentence of probation should be upheld because it conceded in the appellate court that defendant's sentence must be vacated as an impermissible consecutive sentence.

We reject defendant's estoppel argument. Even if the State conceded before the appellate court that defendant's sentence of probation must be vacated, we, as a reviewing court, are not bound by a party's concession. *Beacham v. Walker*, 231 Ill. 2d 51, 60 (2008). See also *People v. Kliner*, 185 Ill. 2d 81, 116 (1998) (reviewing court is not bound by trial court's acceptance of State's erroneous concession). Moreover, we may affirm the circuit court's judgment on any basis contained in the record. *Beacham*, 231 Ill. 2d at 61. Thus, we decline to find that the State is estopped from arguing that this court should uphold the probation sentence.

The sole issue before this court is the propriety of the sentence of probation. At the outset, we note that the appellate court incorrectly relied on section 5—6—2(f) of the Unified Code of Corrections to support its conclusion that the sentence of probation was proper. Both parties

agree that section 5—6—2(f) is inapplicable in this case since it became effective after defendant committed the offenses in question. When a change in the law such as this occurs, the defendant must be given the opportunity to choose whether to be sentenced under the law that existed at the time of offense or the newly enacted law. See *People v. Hollins*, 51 Ill. 2d 68, 71 (1972). Defendant was not given this choice. Thus, section 5—6—2(f) does not provide a basis for finding defendant's sentence of probation proper and the appellate court's reliance on this provision is misplaced.

Because section 5—6—2(f) is inapplicable, we must decide whether the sentence of probation entered on count VI is, in fact, consecutive to the sentences entered on counts I through V and, if so, whether it is permissible. Both parties agree that the trial court's intent was to have the sentence of probation run during the MSR period for counts I through V. However, defendant contends that the term of probation is tantamount to a consecutive sentence since it was to commence following his release from prison. The State argues that the probation term is properly characterized as concurrent because the MSR period for counts I through V is part of the sentences imposed for those counts.

We agree with the State. Section 5—8—1(d) of the Code of Corrections (730 ILCS 5/5—8—1(d) (West 2004)) provides: "every sentence [of imprisonment] shall include as though written therein a term in addition to the term of imprisonment ***. For those sentenced on or after February 1, 1978, such term shall be identified as a MSR term." In *Holly v. Montes*, 231 Ill. 2d 153 (2008), we concluded that "MSR was a mandatory part" of the defendant's prison sentence and that he "remain[ed] under sentence" even after he was physically released from prison. *Holly*, 231 Ill. 2d at 165-66. Specifically, we stated, "the legislature established a period of manda-

tory supervised release to be included *as a part of every sentence of imprisonment.*" (Emphasis in original.) *Holly*, 231 Ill. 2d at 165. Thus, defendant's *sentence* on each of counts I to V includes not only the term of imprisonment but the term of MSR. As such, defendant's sentence of probation on count VI, which is to be served during the period of MSR, is not consecutive to his sentences under counts I to V but, rather, concurrent.

Defendant nonetheless contends that the sentences imposed by the circuit court here should not be allowed. Defendant maintains that, if a defendant violates probation, the trial court could resentence that individual to a five-year term of imprisonment on count VI, which would result in a period of 10 years' imprisonment, *i.e.*, one five-year period of imprisonment under counts I through V, followed by a consecutive five-year period under count VI, which would be unauthorized.

The only question before this court is whether the sentence of probation imposed on count VI, ordered to commence after defendant's five-year sentences of imprisonment on counts I to V, amounts to an improper consecutive sentence. The hypothetical posited by defendant, *i.e.*, whether an improper consecutive sentence would result if defendant violates that probation, is not before this court. Any opinion as to what may or might occur should a defendant violate probation would be advisory. There are no facts before this court to indicate that defendant falls within the hypothetical. And, accordingly, we express no opinion on the posed hypothetical situation.

Finally, we note in passing that the trial judge took painstaking efforts to fashion this remedy so that defendant could receive the drug treatment he so desperately needed and desired. Defendant never complained about the remedy the trial court fashioned to assist him with his drug problems and, in fact, was allowed

to withdraw his guilty plea after learning of the judge's proposed sentence. He did not do so.

### Conclusion

We conclude that the trial court properly sentenced defendant to a term of probation on count VI which was to be served during the period of MSR, which is an inherent part of his prison sentence. Accordingly, we affirm the judgment of the appellate court.

*Affirmed.*