NOTICE

Decision filed 12/01/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230823-U

NO. 5-23-0823

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 20-CF-1002 |
| | ) | |
| BERNARD MOSLEY JR., | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We vacate the circuit court's detention order where the State filed an untimely petition to detain.

¶ 2   Defendant, Bernard Mosley Jr., appeals the September 20, 2023, order of the circuit court of St. Clair County that granted the State's verified petition for pretrial detention and ordered him detained. Pretrial release is governed by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act),[1] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Code); *Rowe*

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

*v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). On appeal, defendant argues that the court erred by granting the State's verified petition to detain where the Act does not allow the State to file a petition to detain defendants who remain in custody after having been ordered released on the condition of depositing security. Defendant also argues that counsel was ineffective for failing to move to strike the State's verified petition. Because defendant was arrested and detained prior to the date the Act went into effect, this appeal presents a narrow issue relevant to only those defendants who were arrested and detained prior to the effective date of the Act. For the following reasons, we vacate the court's detention order and remand the cause for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      On August 6, 2020, defendant was charged by criminal complaint with one count of felony murder (720 ILCS 5/9-1(a)(3) (West 2020)) and two counts of armed robbery (*id.* § 18-2(a)(2)).[2] On the same date, defendant was arrested and the circuit court set defendant's bond at $1,250,000, requiring the deposit of 10%. The court also appointed counsel to represent defendant. The defense filed a motion to reduce bond on August 17, 2020, which the court denied. The court held an arraignment hearing on August 28, 2020, at which time defendant pled not guilty.

¶ 5      On August 23, 2023, following discovery and multiple continuances, the defense filed a motion for defendant's release "pursuant to 725 ILCS 5/110-7.5," alleging that defendant was entitled to a hearing under subsection (e) of section 110-5 of the Code (725 ILCS 5/110-5(e) (West 2022)). The defense requested that the circuit court order defendant's release without the condition of depositing security or set the matter for hearing "pursuant to 725 ILCS 5/110-5 or 5/110-6.1 and grant any and all other relief" the court deemed proper. The court entered an order on

_____

[2] On August 21, 2020, a grand jury returned a bill of indictment charging defendant with the same.

September 11, 2023, setting the matter for hearing "pursuant to 725 ILCS 5/110-6.1 and 725 ILCS 5/110-7.5" on September 21, 2023.

¶ 6     On September 12, 2023, the State filed a verified petition for pretrial detention pursuant to section 110-6.1 of the Code (*id*. § 110-6.1). The State alleged that defendant was "charged with a forcible felony offense as defined in 725 ILCS 5/110-6.1(a)(1.5) and the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community." Accordingly, the State requested that the circuit court deny defendant's pretrial release.

¶ 7     On September 18, 2023, the Act became effective. On September 20, 2023, the circuit court held a hearing. At the outset, the court stated that the hearing was held pursuant to "725 ILCS 110-7.5 and also 110-6.1." After considering the parties' arguments, the court found, by clear and convincing evidence, "that the proof [was] evident and the presumption great that the defendant committed the qualifying offense as an accomplice." The court also found that defendant posed a potential flight risk and that release conditions could not, in combination, mitigate the possible threat that defendant would flee. The court further found that defendant posed a real and present danger to the safety of other persons in the community and that there were no conditions or combination of conditions that could mitigate that danger. Thus, the court entered a detention order outlining these findings the same day. In its detention order, the court noted that defendant was charged with a detainable offense—a non-probational forcible felony. The court also noted that a detention hearing was held pursuant to "725 ILCS 110-7.5." The court also stated, "We have future court dates, and I will be required to revisit [defendant's] continued detention at those subsequent court dates."

¶ 8     On October 3, 2023, defendant filed a timely appeal. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). At a status hearing held on October 6, 2023, the circuit court reviewed defendant's detention

3

and found that his continued detention was necessary to avoid the real and present threat or danger to any person or persons or the community and/or willful flight from prosecution. Thus, the court ordered that defendant remain detained.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant first argues that the circuit court erred when it granted the State's petition to detain because the Act does not allow the State to file a petition to detain defendants who remain in custody after having been ordered released on the condition of depositing security. Specifically, defendant argues that the State was not permitted to file a petition to detain due to the timing requirements of section 110-6.1(c)(1) of the Code (725 ILCS 110-6.1(c)(1) (West 2022)). Defendant acknowledges that his attorney did not move to strike the State's petition and did not include this error in his notice of appeal. Defendant seeks review under the second prong of the plain-error doctrine. Under the second prong of plain-error review, a reviewing court may consider a forfeited error when the error is so serious that it deprives the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 170 (2005). In the alternative, defendant contends that his counsel's failure to object to the State's petition constituted ineffective assistance of counsel.

¶ 11    This court recently considered this issue in *People v. Vingara*, 2023 IL App (5th) 230698. This court, in applying a *de novo* standard of review, considered "the defendant's claim that the State had no authority to file its petition and thus the trial court had no basis upon which to enter the order denying pretrial release." *Id.* ¶ 14. In interpreting subsection (c)(1) of section 110-6.1 of the Code, this court concluded that "the State may file a petition to detain at the time of the defendant's first appearance before a judge; no prior notice to the defendant is required." *Id.* ¶ 16. This court also concluded that, "[a]lternatively, the State may file a petition to detain the defendant within 21 calendar days after the arrest and release of the defendant; however, reasonable notice

4

is to be provided to the defendant under this circumstance." *Id*. This court noted that "[t]he exception to these timing requirements is set forth in section 110-6(i) (725 ILCS 5/110-6(i) (West 2022))." *Id*.

¶ 12    In applying these statutory provisions to the facts of that case, this court noted that "section 110-6 [was] not applicable to the defendant because he had not been released from detention following his arrest and he had not been charged with any new offenses." *Id*. ¶ 18. This court also noted that "the exception to the timing requirements set forth in section 110-6.1(c)(1) [was] also not applicable to the defendant." *Id*. Consequently, this court held that "the State's petition to detain the defendant pursuant to section 110-6.1 was untimely and that the trial court did not have the authority to detain the defendant pursuant to the untimely petition." *Id*.

¶ 13    Similarly, in the present case, the State's petition to detain defendant pursuant to section 110-6.1 was untimely where the State did not file a petition to detain at the time of defendant's first appearance or within 21 calendar days after defendant's arrest and release. In addition, as in *Vingara*, defendant had not been released from detention following his arrest and he had not been charged with any new offenses. Accordingly, the exception to the timing requirements set forth in section 110-6.1(c)(1) did not apply to defendant. Thus, we reach the same conclusion to that reached in *Vingara*—that the State's petition to detain defendant pursuant to section 110-6.1 was untimely and that the circuit court did not have the authority to detain defendant pursuant to the untimely petition.

¶ 14    This court noted, however, that defendants, such as defendant here, who have previously imposed pretrial conditions, including the deposit of monetary security, have two options available under the Code. *Id*. ¶ 22. Specifically, this court noted:

5

"Under sections 110-5(e) and 110-7.5(b), a defendant may file a motion seeking a hearing to determine the reasons for continued detention. If the trial court finds that the defendant's continued detention is due to the 'unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency,' the trial court is required to 'reopen' the conditions of release hearing. 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022). During the hearing, the court will be required to determine what available conditions exist that will reasonably ensure the appearance of the defendant, the safety of any person or the community, and the likelihood of the defendant's compliance with all conditions of pretrial release. 725 ILCS 5/110-5(e) (West 2022). Thus, the court may consider the matters set forth in subsection 110-5(a) (725 ILCS 5/110-5(a) (West 2022)). Alternatively, a defendant may elect to remain in detention until such time as the previously set monetary security may be paid. Some defendants may choose this second option, which allows for the possibility of pretrial release if the previously set monetary security is posted, as opposed to requesting a hearing pursuant to the first option, after which they might be detained without any possibility of pretrial release. This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law. *People v. Horrell*, 235 Ill. 2d 235, 242 (2009)." *Id*.

¶ 15    In the present case, the defense appeared to file a motion for release "pursuant to 725 ILCS 5/110-7.5," requesting a hearing pursuant to "725 ILCS 5/110-5 or 5/110-6.1." The circuit court indicated that it held a hearing pursuant to "725 ILCS 110-7.5 and also 110-6.1." At the hearing, the court considered what available conditions existed that would reasonably ensure the

6

appearance of the defendant, the safety of any person or the community, and the likelihood of the defendant's compliance with all conditions of pretrial release. In doing so, the court found that defendant posed a flight risk and that there were no conditions or combination of conditions that could mitigate the threat of defendant's flight. The court also found that defendant posed a real and present danger or threat to the safety of any person or persons of the community and there were no conditions or combination of conditions that could mitigate the real and present danger or threat. The court concluded that less restrictive conditions would not ensure the safety of the community or ensure defendant's appearance in court. After reviewing the record, it appears that the court granted the State's petition to detain without considering defendant's request for a hearing pursuant to subsection (e) of section 110-5 of the Code.

¶ 16     Because the court lacked the authority to grant the State's petition to detain and this error affected substantial rights of defendant under the second prong of the plain-error doctrine, we vacate the circuit court's detention order, reinstate the original bond order, and remand the matter back to the court. Ill. S. Ct. R. 615(a) (eff. Jan 1, 1967); *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007); *People v. Swan*, 2023 IL App (5th) 230766, ¶ 26. On remand, defendant may elect to stand on the terms of his original pretrial conditions—an election that requires no action on his part—or he may pursue his previously filed motion for a hearing under section 110-5(e). *Swan*, 2023 IL App (5th) 230766, ¶ 25. If defendant decides to pursue his previously filed motion, he shall be entitled to a timely hearing within 48 hours of his formal request pursuant to section 110-5(e). *Id.* Because our resolution of this issue is dispositive, we need not address defendant's remaining arguments on appeal.

¶ 17   We also note the defendant filed a motion to cite additional authority. The authority referenced is from this court and was issued within the past 30 days. We are well aware of our own authority. Accordingly, the motion to cite additional authority is denied.

¶ 18                              III. CONCLUSION

¶ 19   For the reasons stated, we vacate the circuit court's order granting the State's petition to detain and remand the matter back to the court for further proceedings.

¶ 20   Order vacated; cause remanded.