NOTICE
Decision filed 12/21/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230978-U

NO. 5-23-0978

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-1326 |
| | ) | |
| ANDREA D. KEMP, | ) | Honorable |
| | ) | Jeffrey K. Watson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justice Welch concurred in the judgment.
Presiding Justice Vaughan specially concurred.

**ORDER**

¶ 1    *Held*: Where the State's verified petition for pretrial detention was properly filed pursuant to section 110-6(g), the defendant's counsel did not provide ineffective assistance by failing to file a motion to strike the State's petition, and we affirm the trial court's order granting the State's motion to detain.

¶ 2    The defendant, Andrea Kemp, appeals the St. Clair County trial court's order denying her pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-

---

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

¶ 3                                    I. BACKGROUND

¶ 4      On August 3, 2023, the State charged the defendant by information in four counts alleging that on July 15, 2023, she committed the offenses of aggravated domestic battery with great bodily harm (720 ILCS 5/12-3.3(a) (West 2022)), aggravated domestic battery with permanent disfigurement (*id.*), and two counts of aggravated battery using a deadly weapon (*id.* § 12-3.05(f)(1)). Bond was set at $100,000, requiring the deposit of 10%. The trial court appointed counsel to represent her.

¶ 5      On August 23, 2023, the defendant filed a motion pursuant to section 110-7.5 of the Code of Criminal Procedure of 1963 (Code) seeking a hearing and asking the trial court to order her release without the condition of depositing security. 725 ILCS 5/110-7.5 (West 2022). Alternatively, the defendant asked the court to set the matter for hearing pursuant to section 110-5 (*id.* § 110-5) or section 110-6.1 (*id.* § 110-6.1).

¶ 6      On September 12, 2023, the State filed its verified petition seeking to have the defendant held in pretrial detention noting that she had been charged with aggravated domestic battery and the defendant's pretrial release would pose a real and present threat to the physical safety of a person or persons.

¶ 7      The State outlined the facts at the October 11, 2023, hearing on its petition to deny pretrial release stating that it would establish beyond a reasonable doubt that in an act of domestic violence, the defendant stabbed Kenneth Sanders in the chest with a knife. Police officers were called to the defendant's residence, and after she answered the door, the officers observed Sanders lying on the floor in a "puddle of blood" with a large puncture wound in the center of his chest. Sanders

informed the officers that the defendant stabbed him. Sanders was transported to St. Louis University Hospital for emergency treatment. After being read her *Miranda* rights, the defendant informed the officers that Sanders was the father of one of her children. She stated that she and Sanders had a verbal altercation, and she picked up a knife because "she was afraid of being choked." Sanders confirmed that he and the defendant had argued, but when he tried to leave, she stabbed him. The State informed the court that the defendant has no prior felony criminal history. In a pretrial investigation, the defendant reported no history of drug abuse or mental or medical health issues. An assessment was prepared that concluded that the defendant was at a low risk to reoffend.

¶ 8    The defendant's attorney provided additional information about the events that resulted in the criminal charges. The defendant contended that she stabbed Sanders in an act of self-defense. She and Sanders had been "out at the clubs" that evening. Sanders was intoxicated and "kept bugging her to have sex with him." The defendant declined because she wanted to sleep to be prepared for work the next day. Sanders continued to ask the defendant for sex, which resulted in a physical back-and-forth interaction. Sanders began walking down a set of stairs from the bedroom and the defendant was behind him. The defendant stated that Sanders turned around, grabbed her head and neck, and tried to choke her. The fighting continued downstairs in the residence. The defendant ordered Sanders to leave her home, and he refused. At some point, Sanders "came back after her" and she picked up a knife and stabbed him. After stabbing Sanders, the defendant called the police to report the incident and to request an ambulance. The defendant's attorney argued that the defendant did not pose a real and present threat to any person or persons, including Sanders who was physically taller and larger than the defendant. Moreover, the defendant's attorney advocated that the court order specific conditions to mitigate any perceived

3

danger to Sanders. The defendant's attorney informed the court that the defendant had three children, ages 10, 3, and 1, who were presently being cared for by the defendant's mother, which the defense attorney described as a "difficult situation."

¶ 9    The trial court noted that aggravated domestic battery with great bodily harm and with permanent disfigurement were detainable offenses. The court stated that it found by clear and convincing evidence that there was evident proof, or a great presumption, that the defendant committed a qualifying offense, and despite the assessment that the defendant was a low risk for reoffending, given the violent nature of this offense, the defendant posed a real and present danger to the safety of the victim and potentially to other persons in the community. The court also found that there were not any conditions or any combination of conditions that could mitigate the real and present danger posed by the defendant. The court entered its order that the defendant should remain detained.[2]

¶ 10    On October 19, 2023, the defendant timely appealed the trial court's October 11, 2023, order denying her pretrial release and ordering her confinement in the St. Clair County jail pending trial. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). In the preprinted notice of appeal form, the defendant stated that the State (1) "failed to meet its burden of proving by clear and convincing

_____

[2]The written detention order entered by the trial court on October 11, 2023, is a form order. In the clear and convincing evidence findings section there are separate statements related to whether the defendant poses a danger/threat to any person or persons or the community and whether less restrictive conditions are appropriate to ensure the safety of the community to ensure the defendant's appearance in court. The form requires the court to circle the appropriate options: the defendant DOES or DOES NOT pose a real and present danger threat; that there ARE or ARE NOT conditions or a combination of conditions that CAN or CANNOT mitigate the danger posed by the defendant; and less restrictive conditions WOULD or WOULD NOT ensure the community's safety.

In this case, while the trial court found that the defendant DOES pose a real and present danger threat and that there ARE NOT conditions or a combination of conditions that CAN mitigate the danger posed by the defendant, it would appear that the trial court circled the wrong option relative to less restrictive conditions as the court found that "Less restrictive conditions WOULD ensure the safety of the community ***."

4

evidence that the proof is evident or the presumption great that the defendant committed the offense charged" and (2) "that the Sate failed to meet its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons or the community." Additionally, the defendant indicated that the trial court "made no written findings."

¶ 11                                    II. ANALYSIS

¶ 12     On appeal, the defendant contends that because she was both (1) previously detained on an inability to make cash bond and (2) the State did not timely file its verified petition, the Code does not allow the State to seek her detention. The defendant asks this court to reverse the trial court's order denying her pretrial release. In response, the State argues that section 110-6(g) of the Code authorizes its petition to deny the defendant's pretrial release.

¶ 13     The defendant argues that the trial court erred when it granted the State's petition to detain because the Code does not allow the State to file a petition to detain defendants who remain in custody after having been ordered released on the condition of depositing security. Specifically, the defendant argues that the State was not permitted to file a petition to detain her due to the timing requirements of section 110-6.1(c)(1) of the Code (725 ILCS 110-6.1(c)(1) (West 2022)).

¶ 14     The defendant acknowledges that her attorney did not ask the trial court to hear her motion for pretrial release and did not move to strike the State's petition. Additionally, the defendant's attorney did not include these errors in her notice of appeal. The defendant seeks review of this issue under the second prong of the plain-error doctrine. Under the second prong of plain-error review, a reviewing court may consider a forfeited error when the error is so serious that it deprives the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 170 (2005). In the alternative, the defendant contends that her counsel's failure to object to the State's petition

5

constituted ineffective assistance of counsel. Before we determine if plain-error review is appropriate, we briefly review the applicable sections of the Code.

¶ 15 Here, the defendant was charged on August 3, 2023, before the Act took effect. Bond was set at $100,000 and the defendant was eligible to be released on bail if she had posted 10% of that amount. She was apparently not able to post the 10% and remained in jail when the Act took effect.

¶ 16 The Code separates those persons who were arrested before the Act took effect into three categories. See 725 ILCS 5/110-7.5 (West 2022). The defendant belongs to the second category—persons who remain in pretrial detention after being ordered released with pretrial conditions. *Id.* § 110-7.5(b). Section 110-7.5(b) provides that "any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* Section 110-5(e) provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. *** The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 17 As discussed in this court's *People v. Rios* opinion, defendants who were arrested before the Act took effect have two options:

> "Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously set monetary security

6

may by paid. A defendant may elect this option so that [he or she] may be released under the terms of the original bail." *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16.

When the defendant asks the court for pretrial release pursuant to the Code, the defendant is asking the trial court to review appropriate pretrial conditions again. *Id.* At that point, " 'the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23).

¶ 18    Section 110-7.5 of the Code provides that "[o]n or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110.5." 725 ILCS 5/110-7.5(b) (West 2022). Section 110-5(e) provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial

7

release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 19 On August 23, 2023, the defendant filed her motion asking the trial court to release her without the condition of depositing security pursuant to section 110-7.5 of the Code. *Id.* § 110-7.5. Alternatively, she asked the court to hold a hearing pursuant to section 110-5 or 110-6.1. *Id.* §§ 110-5, 110-6.1. Subsequently, the State filed its verified petition asking the court to hold the defendant in pretrial detention because she was charged with a qualifying offense (aggravated domestic battery) and her pretrial release would pose a real and present threat to the physical safety of a person or persons. *Id.* § 110-6.1(a)(4).

¶ 20 Section 110-6.1 addresses the subject of "denial of pretrial release." Section 110-6.1(c)(1) discusses the timing of the State's petition asking the court to deny pretrial release, and also references section 110-6 as an exception to these timing requirements:

"A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, *except as provided in Section 110-6*, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." (Emphasis added.) *Id.* § 110-6.1(c)(1).

¶ 21 The defendant contends that the State's verified petition asking the court to hold her in pretrial detention was not timely pursuant to section 110-6.1(c)(1) as the State's petition was filed after her first appearance before a judge. *Id.* However, as emphasized in the preceding paragraph, section 110-6.1 provides an exception to these time requirements "as provided in Section 110-6." *Id.*

8

¶ 22   We do not need to determine if the State's petition to detain the defendant was timely filed as mandated by section 110-6.1(c)(1) because the State contends that its petition was filed pursuant to section 110-6(g) in response to the defendant's motion for release. Section 110-6 addresses the subjects of "revocation of pretrial release, modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release." *Id.* § 110-6. More specifically, section 110-6(g) provides: "The court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release ***." *Id.* § 110-6(g). "The court may only add or increase conditions of pretrial release at a hearing under this Section." *Id.*

¶ 23   Here, the trial court held the hearing on the State's petition seeking to have the defendant held in pretrial detention. The State petitioned the court to increase the conditions in this case pursuant to section 110-6(g) by modifying the defendant's original bond conditions set on August 3, 2023—authorizing her pretrial release on payment of 10% of the $100,000 bond. During the hearing, the court noted the violent nature of the charge and that the two offenses of aggravated domestic violence—(1) with permanent disfigurement and (2) with use of a deadly weapon—were statutory detainable offenses. The court then found by clear and convincing evidence, based upon the alleged facts in the State's proffer and argument of defense counsel, that "proof is evident or presumption great" that the defendant committed a qualifying offense. The court also found that the defendant posed a real and present danger to the safety of the victim and potentially to others in the community. The court stated that there were currently no conditions or combination of conditions that could mitigate the real and present danger posed by the defendant. The court further stated that it did not then believe that less restrictive conditions would ensure the community's safety or ensure the defendant's appearance in court "due to the serious nature of these charges."

¶ 24 Pursuant to section 110-6(g) of the Code, the State exercised its right to ask the court to modify the original conditions of pretrial release. Without the applicability and availability of section 110-6(g), the State would have limited ability to modify release conditions to maintain pretrial detention in cases where the State had safety or flight risk concerns. The timeliness requirements of section 110-6.1(c) could bar the State's efforts. Our legislature provided the "exception" language in section 110-6.1(c) allowing the State to proceed under section 110-6(g) when necessary. We conclude that the trial court's order maintaining the defendant's pretrial detention in this case was proper under the specific facts of this case. Accordingly, we affirm the trial court's order.

¶ 25 The defendant alternatively argues that her counsel was ineffective for not objecting to or moving to strike the State's verified petition seeking to have her held in pretrial detention.

¶ 26 Constitutionally competent assistance is measured by a test of whether the defendant received "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Overall, to prevail on an ineffective-assistance-of-counsel claim, "[the] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Lefler*, 294 Ill. App. 3d 305, 311 (1998) (citing *Strickland*, 466 U.S. at 694). The term "reasonable probability" has been defined to mean a probability sufficient to undermine confidence in the outcome of the proceeding. *People v. Colon*, 225 Ill. 2d 125, 135 (2007); *Lefler*, 294 Ill. App. 3d at 311-12 (citing *Strickland*, 466 U.S. at 687).

¶ 27 With a claim of ineffective assistance of counsel, we apply the two-prong *Strickland* test, adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504, 526–27 (1984). Under this test, the defendant must prove that: (1) defense counsel's performance was deficient or fell below an objective standard of reasonableness and (2) the defendant suffered prejudice

10

because of defense counsel's deficient performance. *Strickland*, 466 U.S. at 687. If the defendant fails to establish either prong of the *Strickland* test, the ineffective assistance claim fails. *People v. Theis*, 2011 IL App (2d) 091080, ¶ 39. If the defendant does not raise his or her ineffective assistance of counsel claim in the trial court, our review on appeal is *de novo*. *People v. Berrier*, 362 Ill. App. 3d 1153, 1166-67 (2006). The reviewing court is not required to analyze both *Strickland* prongs and may conclude that the defendant failed to establish ineffective assistance because he was not prejudiced by counsel's alleged deficient performance. *People v. Perry*, 224 Ill. 2d 312, 342 (2007).

¶ 28    Although the defendant's attorney did not specifically argue her petition seeking pretrial release, we consider the State's verified petition for pretrial detention as responsive to the defendant's petition. Moreover, the Code did not bar the State from seeking the defendant's pretrial detention. While the State's petition may have been untimely with respect to section 110-6.1(c)(1) of the Code (725 ILCS 110-6.1(c)(1) (West 2022)), the State's petition was appropriate and timely filed pursuant to section 110-6(g) of the Code (*id.* § 110-6(g)). Thus, we conclude that because the State's petition was valid under section 110-6(g) of the Code, the defendant's trial counsel did not provide ineffective assistance for failing to file a pleading asking the court to strike the State's verified petition. *Id.*

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated in this order, we affirm the detention order entered by the St. Clair County circuit court.

¶ 31    Affirmed.

¶ 32    PRESIDING JUSTICE VAUGHAN, specially concurring:

¶ 33    My colleagues dispense with defendant's request for plain error by finding no error stemmed from the State's filing of a petition to deny pretrial release in response to defendant's motion for release. They claim such filing is allowed pursuant to section 110-6(g). I disagree.

¶ 34    Section 110-6 relates to the revocation and/or modification of previously issued conditions of pretrial release and solely encompasses events involving a defendant that was already released on conditions for an offense and subsequently commits a different offense while out on release. See 725 ILCS 5/110-6(a), (b) (West 2022). Neither of those events occurred here. While section 110-6(g) allows a court to add or increase conditions of pretrial release, it may only occur at a hearing under section 110-6. *Id.* § 110-6(g). Since there is no allegation that defendant committed a crime while on pretrial release for this charge, section 110-6(g) is inapplicable, by its own terms.

¶ 35    The inapplicability of section 110-6(g), however, does not affect the outcome of this matter. As noted above, defendant's motion to modify her bail conditions requested a hearing under either section 110-5(e) or section 110-6.1. Defendant's claim for plain error contends the court erred in detaining her pursuant to the State's verified petition because said petition was untimely. However, the State's petition requested denial of pretrial release, which is only allowed under section 110-6.1. Essentially, defendant is claiming the court erred by holding a hearing under section 110-6.1, which was the same hearing defendant specifically requested. Such claim of error is precluded by the invited error doctrine. "[U]nder the invited error doctrine, an accused may not request to proceed in one manner and then later contend on appeal that the court of action was in error." (Internal quotation marks omitted.) *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Because the error defendant complains of on appeal, *i.e.*, a hearing under section 110-6.1, was specifically

12

requested by defendant as alternative relief to her request for release, the invited error doctrine precludes our review for plain error. *Id.* at 387.

¶ 36 Nor does defendant's argument to consider a claim of ineffective assistance of counsel fare any better even though claims of ineffective assistance of counsel are not precluded by the invited-error doctrine. *People v. Villarreal*, 198 Ill. 2d 209, 228 (2001) (considering defendant's claim of ineffective assistance of counsel after finding the invited error doctrine was applicable). Here, defendant claims her trial counsel was ineffective for failing to move to strike the State's petition requesting a denial of defendant's pretrial release and cites to the well-established two-prong review required under *Strickland v. Washington*, 466 U.S. 668, 690-94 (1984). "The test is composed of two prongs: deficiency and prejudice." *People v. Richardson*, 189 Ill. 2d 401, 410 (2000). "A defendant must satisfy both prongs of the *Strickland* test[,]" and a failure to establish either prong " 'will be fatal to the claim.' " *Id*. at 411 (quoting *People v. Sanchez*, 169 Ill. 2d 472, 487 (1996)).

¶ 37 Here, the sole argument presented on appeal claims that defendant has a right to effective counsel for pretrial hearings. The premise is undisputed; however, no argument regarding why counsel's actions were deficient or how defendant was prejudiced was provided. Accordingly, I would find any argument related to ineffective assistance of counsel was forfeited and defendant's "failure to establish either proposition" is "fatal to the claim." *Sanchez*, 169 Ill. 2d at 487. As such, just like my colleagues, I would affirm the trial court's pretrial release order.