NOTICE
Decision filed 01/09/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231000-U

NO. 5-23-1000

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-558 |
| | ) | |
| RAHKEAM CAMMON, | ) | Honorable |
| | ) | Charles C. Hall, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justice Boie concurred in the judgment.
Justice McHaney specially concurred.

**ORDER**

¶ 1    *Held*:    The trial court's order detention order is affirmed where defendant was not entitled to relief under second prong plain error, ineffective assistance of counsel cannot be shown, the trial court's findings were not against the manifest weight of the evidence and its order of detention was not an abuse of discretion.

¶ 2    Defendant appeals the trial court's order denying pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023);

---

[1]The press and politicians have also sometimes referred to the Act as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

1

*Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons we affirm the trial court's detention order.[2]

¶ 3                                         I. BACKGROUND

¶ 4       On September 11, 2023, defendant was charged, by information, with the offenses of (1) unlawful possession of a weapon by a felon, a Class 2 felony, in violation of section 24-1.1 of the Criminal Code of 2012 (720 ILCS 5/24-1.1(a) (West 2022)); (2) possession of a weapon while ineligible for a Firearm Owners Identification (FOID) card, a Class 3 felony, in violation of section 2(a)(1) of Firearm Owners Identification Card Act (430 ILCS 65/2(a)(1) (West 2022)); and (3) obstructing a peace officer, a Class A misdemeanor, in violation of section 31-1(a)(2) of the Criminal Code of 2012 (720 ILCS 5/31-1(a)(2) (West 2022)). The charges related to actions occurring on September 11, 2023, in Danville, Vermilion County, Illinois. Defendant's first appearance was held on September 11, 2023, at which time the court, *inter alia*, set defendant's bond at $150,000 and appointed counsel. On September 21, 2023, the information was superseded by an indictment on the three charges. Defendant's arraignment was held on September 25, 2023, at which time defendant waived a formal reading of the charges and pled not guilty.

¶ 5       On September 29, 2023, defendant filed a motion for reconsideration of pretrial release conditions. Defendant's motion alleged that he remained in pretrial detention on or after September 18, 2023. He further alleged that he was previously ordered released with pretrial conditions of depositing security and monetary security was no longer allowed by law. On the same day, the

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 28, 2023, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

State filed a verified petition to deny defendant pretrial release. The petition alleged that defendant was charged with a qualifying offense and posed a real and present threat to the safety of any person or persons or the community and no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case. On October 5, 2023, the State filed a second verified petition to deny defendant pretrial release reiterating the same allegations as its previous filing.

¶ 6       A hearing on defendant's motion to reconsider his pretrial release conditions was held on October 6, 2023. The State proffered that on September 10, 2023, the Danville police were dispatched to 610 N. Vermilion in Danville, Illinois, which was the location of an establishment named the 610 Tap. The police were looking for a black male with blond dreadlocks wearing a pink shirt with a firearm. An officer observed a suspect matching the description enter a white 2005 Chrysler 300. Two separate officers observed the suspect driving the same vehicle, disobeying their command to stop, and driving out of the parking lot at a high rate of speed. Defendant ignored the officers' lights and sirens and continued to drive at a high rate of speed without headlights or taillights. Shortly after police lost sight of the vehicle, a crash was called in and the suspect's vehicle was found at 1308 Voorhees Street in Danville with severe damage from hitting a different vehicle, going into a yard, and striking a tree. Danville police located a purple, pink, and black Ruger LCP 380 with six live rounds in the magazine as well as one live round in the chamber. The State reiterated the current charges pending against defendant and argued that he posed a real and present threat to the safety of other persons or the community and no condition or combination of conditions could mitigate that real and present threat. The State noted defendant's pending misdemeanor cases that included driving with a revoked license, obstruction of identification, and criminal trespass. The State also noted defendant's prior convictions that

included a Class 2 felony in Macon County for aggravated unlawful use of a weapon by a felon in 2017 resulting in a sentence of 6 years in the Illinois Department of Corrections (IDOC), a Class C misdemeanor in Cook County for a disorderly conduct claim that resulted in a failure to appear and bond forfeiture in 2016, and a Class X felony for aggravated vehicular hijacking and armed robbery in Cook County in 2008 resulting in a 10-year sentence in IDOC.

¶ 7    Defense counsel argued that the police report indicated that another occupant was in the vehicle in question and that police unsuccessfully attempted to obtain a statement regarding what did or did not happen at the 610 Tap. Counsel further argued that officers reviewed security camera recordings from 610 Tap that revealed someone matching defendant's description was present but failed to reveal defendant had a firearm. Counsel proffered that defendant resided locally and had ties to the community.

¶ 8    In response, the State argued that the original call was related to defendant showing a gun. Defense counsel stated "reportedly showed a gun" and noted that when police tried to confirm the information, they were unable to do so.

¶ 9    Following argument, the court acknowledged the proffers as well as its review of the pretrial investigation report which set out an extensive criminal history that described prior forcible felonies, weapon offenses, armed robbery, as well as vehicle hijacking. The court found by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a qualifying offense and posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case. The court further found that no condition, or combination of conditions, could mitigate the real and present threat to the safety of any person or persons and that less restrictive conditions would not ensure the safety of person or persons in the community based on the facts the court stated for the record and the

4

proffers. The court ordered defendant committed to the custody of the county jail for confinement pending trial and advised defendant of his appeal rights.

¶ 10                                    II. ANALYSIS

¶ 11     On October 10, 2023, the trial court issued an order for detention based on defendant's motion for reconsideration of pretrial release conditions. The order found the dangerousness standard was met and less restrictive conditions would not assure the safety of any person or persons or the community. In support of the findings, the order noted that defendant fled from the police, was charged with the offense of possession of a weapon by a felon, and the prior felony conviction was a forceable felony of aggravated vehicle hijacking. It also noted defendant's prior prison terms of 6 and 10 years in IDOC, a score of 6 on the VPRAI-R Assessment, and defendant's prior felony conviction for use of a firearm and armed robbery. The order concluded that defendant should be denied pretrial release. Defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 12     Defendant's notice of appeal requested review of the trial court's October 10, 2023, order denying pretrial release. The requested relief was "Pretrial Release of Defendant." The notice alleged that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged. In support, the notice of appeal argued that:

> "The gun was not discovered on Defendant's person. There was a report that someone matching Defendant's description displayed a firearm as part of a dispute at the location in question, but the police were unable to obtain verification of that, including that the business's security camera does not show Defendant to be armed. Other people were seen leaving the vehicle where the firearm in question was located."

5

The notice also alleged the State failed to meet its burden of proving by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. In support of the allegation, the notice argued that: "There is no allegation Defendant discharged any firearm." Finally, the notice further alleged the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, or defendant's willful flight. In support, the notice argued:

"Defendant could be ordered, in addition to the mandatory conditions, to not possess any firearm or other dangerous weapon and to be supervised by pretrial services. These conditions would alleviate any dangerousness."

¶ 13 On November 9, 2023, the Office of the State Appellate Defender (OSAD) entered its appearance on behalf of defendant. On November 28, 2023, OSAD filed a motion to file a Rule 604(h) memorandum *instanter*. In support of the request, OSAD stated that defendant's memorandum was due on November 23, 2023, and due to problems with the statewide e-filing systems earlier in the month, OSAD was not made aware of its appointment in the appeal until November 20, 2023. The motion further alleged the late filing of the memorandum was in no way the fault of defendant. This court granted the motion on December 11, 2023.

¶ 14 OSAD's memorandum argued that the trial court erred in granting the State's petition to detain defendant because the Act does not allow the State to file a verified petition to deny pretrial release in cases in which defendants remain in custody after having previously been ordered released on the condition of depositing security. In support, OSAD relies on the statute as well as this court's decisions in *People v. Rios*, 2023 IL App (5th) 230724, and *People v. Vingara*, 2023

6

IL App (5th) 230698. OSAD concedes the issue on appeal was not raised before the trial court and states the issue "may be reviewed as plain error because it affects [defendant's] substantial rights." In support, OSAD cites *Vingara*, 2023 IL App (5th) 230698, ¶ 23, Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967), and *People v. Smith*, 2016 IL App (1st) 140496. *Smith* is cited for the proposition that a " 'misapplication of the law' that affects a defendant's 'fundamental right to liberty' constitutes plain error as it effects the integrity of the judicial system."

¶ 15    In the alternative, OSAD argues that defendant's counsel was ineffective because counsel's failure to file a motion to strike the State's petition was objectively unreasonable and defendant was prejudiced by the deficiency because he lost the ability to be released. In support, OSAD cites *Lafler v. Cooper*, 566 U.S. 156, 165 (2012), for the proposition that "ineffective assistance of counsel 'can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance.' " As to the issues raised in defendant's notice of appeal, OSAD "rests on the arguments *** made to the circuit court that the State did not prove clearly and convincingly that he committed the offense or posed a threat to the community that could not be mitigated with conditions of release."

¶ 16    In response, the State urges affirmation of the trial court's findings, stating they were not against the manifest weight of the evidence. It further requests affirmation of the court's order of detention. The State also argues that because defendant filed a motion to reconsider his previously issued monetary conditions, the action allowed the State to respond and request detention. The State concludes by stating defendant did not list his detention as an issue in his notice of appeal and therefore the issue was forfeited.

¶ 17    The issue of second prong plain error was recently addressed in *People v. Presley*, 2023 IL App (5th) 230970, ¶¶ 27-42. Here, as in *Presley*, defendant's claim of error is based on counsel's

failure to file a motion to strike the State's petition requesting defendant's detainment. As shown in *Presley*, mere acceptance that an error occurred is insufficient by itself to find second prong error; the error must "affect the framework within which the trial proceeds." *Id.* ¶ 34. The rare instances where second prong error is found are those necessary to ensure "certain basic, constitutional guarantees" that "define the framework of any criminal trial" are met. *Id.* ¶ 35. In *Presley*, this court considered defendant's rights under both the United States and Illinois Constitutions and found that defendant's rights were not violated under either and therefore defendant was not entitled to relief under second prong plain error. *Id.* ¶¶ 39-42.

¶ 18    In the current case, no additional or novel argument was presented. As such, we hold the claimed error is not entitled to second prong plain error review.

¶ 19    Defendant also raises, in the alternative, a claim of ineffective assistance of counsel due to trial counsel's failure to file a motion to strike the State's petition to deny pretrial release. The United States Supreme Court previously held "that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie County*, 554 U.S. 191, 194 (2008). In the context of the sixth amendment, the United States Supreme Court has held that the right to assistance of counsel is the right to "effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). This level of assistance is evaluated under the standard addressed in *Strickland v. Washington*, 466 U.S. 668 (1984), as adopted in *People v. Albanese*, 104 Ill. 2d 504, 526 (1984).

¶ 20    "To prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Cathey*, 2012 IL 111746, ¶ 23. "More specifically, a

8

defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694). A failure to satisfy both *Strickland* prongs precludes a finding of ineffective assistance of counsel. *People v. Henderson*, 2013 IL 114040, ¶ 11.

¶ 21     Here, defendant argues that his trial counsel was ineffective because he failed to move to strike the State's verified petition to deny pretrial release as untimely when it was filed in response to defendant's motion for reconsideration of pretrial release. We first consider whether counsel's performance was objectively unreasonable under prevailing professional norms. This court previously found that a court's order of detention based on an untimely filed petition was in error. See *Rios*, 2023 IL App (5th) 230724, ¶ 12; *People v. Mosley*, 2023 IL App (5th) 230823-U, ¶ 16; *Vingara*, 2023 IL App (5th) 230698, ¶ 18. However, this court has also found that the State may filed a petition to detain in response to a defendant's motion to modify pursuant to section 110-6(g) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6(g) (West 2022)). See *People v. Kemp*, 2023 IL App (5th) 230978-U, ¶ 24.

¶ 22     Under the same circumstances as those before this court, *Kemp* held "that because the State's petition was valid under section 110-6(g) of the Code, the defendant's trial counsel did not provide ineffective assistance for failing to file a pleading asking the court to strike the State's verified petition." *Id.* ¶ 28. Therefore, assuming *arguendo*, that we agreed with defendant's position, *i.e.*, that the State did not have authority to file a petition to detain in response to defendant's motion to modify previously issued bail conditions, *Kemp* precludes any finding that defense counsel was objectively unreasonable under prevailing professional norms in not moving

to strike the petition. As defendant cannot meet the first prong under *Strickland*, we deny defendant's claim of ineffective assistance of counsel.

¶ 23 Moving to the merits of the hearing on defendant's motion to reconsider his pretrial release conditions, defendant disputes the trial court's findings that (1) the proof was evident, or the presumption great, that he committed the charged offense; (2) he posed a real and present threat to the safety of any person, persons, or the community, based on specific and articulable facts; and (3) no condition, or combination of conditions, could mitigate the real and present threat posed to any person or the community based specific articulable facts in this case. We disagree.

¶ 24 As to the initial claim, defendant's argument concedes that police were originally dispatched to the location based on a specific description of a suspect that had a firearm, and that defendant was at that location. While defendant argues there is no evidence that he had a gun because neither security cameras nor witness testimony confirmed that fact, the State's proffer indicated that a Danville police officer observed a suspect matching the description provided by dispatch enter a white 2005 Chrysler 300. Two other police officers observed the suspect driving the same vehicle, while fleeing the parking lot and ignoring the officer's request to stop. When the vehicle was subsequently located following a motor vehicle accident, the Danville police officers located a purple, pink, and black Ruger LCP 380 with six live rounds in the magazine as well as one live round in the chamber at the scene. Given the proffer, the trial court's finding that the proof was evident, or the presumption great, that defendant committed the offense is not against the manifest weight of the evidence.

¶ 25 As to the second issue addressing defendant's alleged dangerousness, defendant's sole argument contends there was no allegation defendant discharged any firearm. While true, the argument holds little merit in light of the fact that the trial court's finding of dangerousness was

10

not based on defendant discharging a firearm. The trial court's finding was based on the current charged offenses as well as defendant's prior felony convictions that included aggravated vehicle hijacking, armed robbery, and aggravated unlawful use of a weapon by a felon. As no other basis was provided to contest the trial court's finding that the State provided clear and convincing evidence of defendant's dangerousness, we hold the finding was not against the manifest weight of the evidence.

¶ 26    Finally, as to the third issue regarding less restrictive conditions, defendant argues that the court could have ordered pretrial release conditions prohibiting his possession of any firearm or any other dangerous weapon and supervision by pretrial services. In support he claims that imposition of those conditions alleviated any finding of dangerousness. The hypocrisy of this argument is noted and not well taken when the current charges are considered in conjunction with the fact that defendant was already precluded from possessing a firearm based on his prior felony convictions. As no other argument was presented, we hold that the trial court's findings were not against the manifest weight of the evidence. As no argument was made that the trial court's order of detention was an abuse of discretion, we affirm the trial court's order.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons stated herein, we affirm the trial court's order of detention.

¶ 29    Affirmed.

¶ 30    JUSTICE McHANEY, specially concurring:

¶ 31    I concur with the result reached by the majority. However, I disagree with their finding that the claimed error here was not entitled to second-prong plain error review based upon my dissenting opinion in *People v. Joshua A. Presley*, 2023 IL App (5th) 230970.

11