NOTICE
Decision filed 11/09/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 230724

NO. 5-23-0724

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 23-CF-447 |
| | ) | |
| RENE RIOS JR., | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Rene Rios Jr., appeals the September 18, 2023, order of the circuit court of Coles County that granted the State's petition to deny pretrial release and ordered him detained. Rios was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). Accordingly, his appeal addresses a narrow issue only relevant to those defendants who were arrested and detained prior to the Act taking effect. Therefore, our holding should not be construed to affect those defendants arrested on or after the effective date of the Act. For the reasons that follow, we reverse and remand.

1

¶ 2                                    I. BACKGROUND

¶ 3      On August 23, 2023, Rios was charged by information with two counts of predatory criminal sexual assault of a child, a Class X felony, and one count of criminal sexual assault against a family member, a Class 1 felony. He was arrested the previous day, August 22, 2023. The following day on August 23, 2023, the circuit court set his bond at $500,000, requiring the deposit of 10%; ordered that he have no contact with anyone under the age of 18, including the victim and her mother; ordered that he not be present or within 100 feet of the victim's home; and ordered him to be released only under electronic surveillance.

¶ 4      The Act became effective on September 18, 2023. See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Pretrial release is governed by the Act as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)).

¶ 5      As of September 18, 2023, Rios remained in pretrial detention. On September 18, 2023, the State filed a petition to deny Rios pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1). The circuit court held a hearing on the petition the same day and entered an order for detention. The circuit court found that Rios should be detained according to the dangerousness standard (*id.* § 110-6.1(a)(1)-(7)) for the following reasons:

> "the evidence shows that the defendant committed a sex offense, the defendant's prior criminal history indicates violent, abusive or assaultive behavior, *** statements made by, or attributed to the defendant, together with the circumstances surrounding them poses a clear threat of harm to the named victim, *** the named victim was a minor, an elderly individual or a person who suffers a physical or mental disability."

¶ 6      On September 25, 2023, Rios filed a notice of appeal. This timely appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, Rios argues that the circuit court did not have the statutory authority to hear the

State's petition to deny his pretrial release under the Act due to the timing requirements of section

110-6.1(c)(1) of the Code (*id.* § 110-6.1(c)(1)). The State argues that section 110-6 (*id.* § 110-6)

provided the authority to file the petition to detain Rios. Resolving the issue before the court is a

matter of statutory construction and will be reviewed *de novo*. *People v. Taylor*, 2023 IL 128316,

¶ 45.

¶ 9      "The primary goal of statutory construction, to which all other rules are subordinate, is to

ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election

Commissioners*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain

language of the statute. *Id.* "The statute should be evaluated as a whole, with each provision

construed in connection with every other section. When the statutory language is clear, we must

apply the statute as written without resort to other tools of construction." *Id.*

¶ 10     Section 110-6.1 sets forth the prerequisites for denial of pretrial release. Subsection (c)(1)

mandates the timing of a petition to detain and states as follows:

        "(1) A petition may be filed without prior notice to the defendant at the first

        appearance before a judge, or within the 21 calendar days, except as provided in Section

        110-6, after arrest and release of the defendant upon reasonable notice to defendant;

        provided that while such petition is pending before the court, the defendant if previously

        released shall not be detained." 725 ILCS 5/110-6.1(c)(1) (West 2022).

The plain language of this section sets forth the deadline for the State to file a petition to detain.

The State may file a petition to detain at the time of the defendant's first appearance before a judge;

no prior notice to the defendant is required. Alternatively, the State may file a petition to detain

the defendant within 21 calendar days after the arrest and release of the defendant; however, reasonable notice is to be provided to the defendant under this circumstance. The exception to these timing requirements is set forth in section 110-6.

¶ 11    Section 110-6 addresses the revocation of pretrial release, the modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release. *Id.* § 110-6. It states, *inter alia*, as follows:

"(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

\* \* \*

(b) If a defendant previously has been granted pretrial release under this Section for a Class B or Class C misdemeanor offense, a petty or business offense, or an ordinance violation and if the defendant is subsequently charged with a felony that is alleged to have occurred during the defendant's pretrial release or a Class A misdemeanor offense that is alleged to have occurred during the defendant's pretrial release, such pretrial release may not be revoked, but the court may impose sanctions under subsection (c).

\* \* \*

(i) Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 or subdivision (d)(2) of Section 110-6.1" *Id.*

4

¶ 12    We find that section 110-6 is not applicable to Rios as he had not been released following his arrest and no new offenses had been alleged. Accordingly, the exception to the timing requirements set forth in section 110-6.1(c)(1) is also not applicable to Rios. Based on the foregoing, we find that the State's petition to detain pursuant to section 110-6.1 was untimely, and the circuit court did not have the authority to detain Rios pursuant to the untimely petition.

¶ 13    Although section 110-6 of the Code was not applicable to Rios, the Code does take into consideration those persons who were arrested prior to the effective date of the Act and separates them into three categories. *Id.* § 110-7.5. The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. *Id.* § 110-7.5(a). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions. *Id.* § 110-7.5(b). The third category consists of any person who remains in pretrial detention and whose bond was previously set as "no bail." *Id.*

¶ 14    Rios belongs to the second category. *Id.* Section 110-7.5(b) provides:

> "(b) On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5.
>
> On or after January 1, 2023, any person, not subject to subsection (b), who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:
>
> > (1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.

> (2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.

> (3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions." *Id.*

¶ 15 Section 110-5(e) provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 16 We have reviewed and analyzed these sections with one another and the entire Code. We find that defendants such as Rios who previously had pretrial conditions set, including the depositing of monetary security, have two options under the Code. Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously

set monetary security may be paid. A defendant may elect this option so that they may be released under the terms of the original bail.

¶ 17    We come to this conclusion because although the plain language of section 110-1.5 of the Code abolished the *requirement* of the posting of monetary bail, it did not eliminate the *option* to post the previously ordered security. *Id.* § 110-1.5 ("Abolition of monetary bail. On and after January 1, 2023, the requirement of posting monetary bail is abolished, except as provided in the Uniform Criminal Extradition Act, the Driver License Compact, or the Nonresident Violator Compact which are compacts that have been entered into between this State and its sister states."). Some defendants may prefer this second option, which allows for the possibility of pretrial release if the previously set monetary security is posted, as opposed to requesting a hearing, pursuant to the first option, after which they might be detained without any possibility of pretrial release. We believe this is particularly true in cases where the previously set monetary security is in an amount that the defendant believes the defendant will be able to post soon. This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law. *People v. Horrell*, 235 Ill. 2d 235, 242 (2009).

¶ 18    Accordingly, this matter must be remanded to the circuit court. On remand, Rios may elect to stand on the terms of his original pretrial conditions—an election that would require no action on his part—or he may file a motion for a hearing under section 110-5(e).

¶ 19                                III. CONCLUSION

¶ 20    For the reasons stated, we reverse the circuit court's order of September 18, 2023, and remand the cause for further proceedings.

¶ 21    Reversed and remanded.

*People v. Rios*, 2023 IL App (5th) 230724

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Coles County, No. 23-CF-447; the Hon. Brian L. Bower, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and David Holland, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield (Sam C. Mitchell, of Sam C. Mitchell & Associates, of West Frankfort, of counsel), for the People. |