NOTICE

Decision filed 11/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230716-U

NO. 5-23-0716

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 23-CF-431 |
| | ) | |
| WILLIAM COUNCIL, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*: We vacate the circuit court's detention order where the State's petition to detain was untimely.

¶ 2     The defendant, William Council, appeals the September 19, 2023, order of the circuit court of Coles County granting the State's petition to deny pretrial release and ordering him detained. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] As such, we emphasize that this decision is not applicable to those defendants arrested

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

on or after the effective date of the Act. For the following reasons, we vacate the circuit court's detention order of September 19, 2023.

¶ 3                                     I. BACKGROUND

¶ 4      On August 15, 2023, the defendant was charged by information with committing the offenses of domestic battery in violation of section 12-3.2(a)(1) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/12-3.2(a)(1) (West 2022)), unlawful restraint in violation of section 10-3 of the Criminal Code (*id.* § 10-3), aggravated assault in violation section 12-2(c)(1) of the Criminal Code (*id.* § 12-2(c)(1)), and aggravated animal cruelty in violation of section 3.02(a) of the Humane Care for Animals Act (510 ILCS 70/3.02(a) (West 2022)). At the time of these offenses, the defendant was on pretrial release for a pending charge of robbery in violation of section 18-1(a) of the Criminal Code (720 ILCS 5/18-1(a) (West 2022)), in People v. Council, No. 23-CF-379 (Cir. Ct. Coles County).

¶ 5      The circuit court conducted a pretrial release hearing related to the most recent charges on August 16, 2023, and set bond in the amount of $100,000, requiring a deposit of 10%. The circuit court further directed that the defendant was required to undergo a mental health evaluation prior to being released on bond. On August 21, 2023, on motion by the defendant, the circuit court appointed a psychiatrist to perform a fitness to stand trial evaluation. The fitness examination was conducted on August 29, 2023, and thereafter, the defendant remained in pretrial detention.

¶ 6      The Act became effective on September 18, 2023. See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Pretrial release is governed by the Act as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). The

State filed a petition to deny pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1), on September 14, 2023, four days prior to the effective date of the Act.

¶ 7    On September 18, 2023, a written psychological fitness evaluation report was filed. The report stated that the defendant failed to meet the minimum standard for fitness to stand trial and would likely be found fit, within a period of less than one year, if afforded a course of treatment available from the Illinois Department of Human Services (DHS).

¶ 8    The circuit court conducted a hearing on the State's petition on September 19, 2023, and issued an order of detention the same day. The circuit court's detention order stated that the circuit court had found, by clear and convincing evidence, that the defendant met the dangerousness standard set forth in section 110-6.1(a)(1) through (6) of the Code (*id.* § 110-6.1(a)(1)-(6)), and ordered the defendant committed to the custody of the county jail pending trial.

¶ 9    On September 21, 2023, the circuit court entered a written order of unfitness and order for treatment. The circuit court's written order stated that, having heard the evidence and the arguments, the circuit court found that the defendant was not fit to plead or stand trial. Therefore, the circuit court ordered the defendant placed in the custody of DHS and held in a secured setting. The defendant did not appeal the circuit court's fitness finding, but on September 22, 2023, filed a notice of appeal of the circuit court's September 19, 2023, order denying pretrial release. This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11   On appeal, the defendant argues that the circuit court erred in granting the State's petition to deny pretrial release since the Act does not allow the State to file a verified petition to deny pretrial release for defendants who remain in custody after having been ordered released on the condition of depositing security. The defendant also argues that the defendant received ineffective

3

assistance of counsel for counsel's failure to move to strike the State's verified petition. Alternatively, the defendant argues that the circuit court erred in finding that the State proved, by clear and convincing evidence, that the defendant was a threat to the safety of any person or persons or the community, and that there were no conditions that could mitigate that threat.

¶ 12    Concerning the defendant's first argument, this court recently addressed this issue in *People v. Rios*, 2023 IL App (5th) 230724. In *Rios*, the defendant was arrested and detained prior to the effective date of the Act and the circuit court set bond, along with other conditions of pretrial release. *Id.* ¶ 3. The defendant, however, remained in pretrial detention, and after the effective date of the Act, the State filed a petition to deny pretrial release. *Id.* ¶ 5. The circuit court granted the State's petition based upon its finding that the defendant should be detained according to the dangerousness standard, and the defendant appealed. *Id.* ¶¶ 5-6.

¶ 13    This court determined that the plain language of section 110-6.1(c)(1) (725 ILCS 5/110-6.1(c)(1) (West 2022)) set forth a deadline for the State to file a petition to detain. Specifically, this court determined that:

> "The State may file a petition to detain at the time of the defendant's first appearance before a judge; no prior notice to the defendant is required. Alternatively, the State may file a petition to detain the defendant within 21 calendar days after the arrest and release of the defendant; however, reasonable notice is to be provided to the defendant under this circumstance." *Rios*, 2023 IL App (5th) 230724, ¶ 10.

¶ 14    This court went on to find that the exceptions to the above timing requirement set forth in section 110-6 (725 ILCS 5/110-6 (West 2022)) were not applicable to the defendant since the defendant had not been released following his arrest and no new offenses had been alleged. *Id.* ¶ 12. As such, this court determined in *Rios* that the State's petition to detain pursuant to section

4

110-6.1 was untimely, and that the circuit court did not have the authority to detain the defendant pursuant to the untimely petition. *Id*. For the reasons set forth in *Rios*, we make the same determination in this matter and find that the State's petition was untimely, and that the circuit court did not have the authority to detain the defendant pursuant to the untimely petition.

¶ 15    This court, in *Rios*, went on to find that the defendant fell within section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), as he was a person who remained in pretrial detention, on or after January 1, 2023, after having been ordered released with pretrial conditions. *Rios*, 2023 IL App (5th) 230724, ¶ 14. Section 110-7.5(b) states that such a defendant "shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). This court further found that, in reviewing and analyzing sections 110-6.1(c)(1), 110-6, and 110-5(e), along with one another and the entire Code, defendants, such as the defendant in *Rios* and the defendant in this matter, have the following two options:

> "Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously set monetary security may be paid. A defendant may elect this option so that they may be released under the terms of the original bail." *Rios*, 2023 IL App (5th) 230724, ¶ 16.

¶ 16    This court came to the above conclusion because, although the plain language of section 110-1.5 of the Code (725 ILCS 5/110-1.5 (West 2022)) abolished the requirement of posting a monetary bail, it did not eliminate the option to post the previously ordered security and some defendants may prefer the second option, as opposed to requesting a hearing. *Rios*, 2023 IL App (5th) 230724, ¶ 17.

¶ 17    In the case at bar, we note that subsequent to the circuit court's ruling on the State's petition to deny pretrial release, the circuit court found that the defendant was unfit to stand trial and was ordered into the custody of DHS. Section 104-17 of the Code states that, "[i]f the defendant is placed in the custody of the Department of Human Services, the defendant shall be placed in a secure setting. During the period of time required to determine bed and placement availability at the designated facility, the defendant shall remain in jail." 725 ILCS 5/104-17(b) (West 2022). As such, the defendant is currently being detained pursuant to the circuit court's detention order of September 19, 2023, and also pursuant to the statutory regulations that govern those defendants who have been adjudicated unfit to stand trial.

¶ 18    Accordingly, we vacate the circuit court's detention order of September 19, 2023. Upon completion of treatment, and subject to the regulatory scheme of article 104 of the Code (725 ILCS 5/104 *et seq*. (West 2022)), the defendant may elect to stand on his original pretrial conditions as set forth in the circuit court's order of August 16, 2023, or he may file a motion for a hearing under section 110-5(e). In light of our decision, we need not address the defendant's remaining issues on appeal.

¶ 19                    III. CONCLUSION

¶ 20    For the foregoing reasons, we vacate the September 19, 2023, detention order of the circuit court of Coles County.

¶ 21    Order vacated.