NOTICE
Decision filed 01/26/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231095-U

NO. 5-23-1095

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Edgar County. |
| | ) | |
| v. | ) | No. 23-CF-139 |
| | ) | |
| TOBY T. PORTER, | ) | Honorable |
| | ) | Matthew L. Sullivan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

¶ 1 *Held:* Trial court's order is vacated where the defendant was arrested and detained prior to the effective date of the Act and never requested a hearing under 725 ILCS 5/110-5(e) before the State filed its petition to deny pretrial release.

¶ 2 The defendant, Toby T. Porter, appeals the trial court's written order of October 20, 2023, denying the defendant's pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Because the defendant was arrested and detained prior to the date the Act went into effect, this appeal presents a narrow issue relevant to only those defendants who were arrested and

_____

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

detained prior to the effective date of the Act. For the following reasons, we vacate the circuit court's detention order of October 20, 2023.

¶ 3                                         I. BACKGROUND

¶ 4     On August 25, 2023, the defendant was charged by information with three counts of possession of child pornography, all Class 2 felonies. That same day, bail was set at $300,000, with 10% to apply, with additional conditions of release being no contact with minors, no internet access, and no internet connected devices. On September 11, 2023, a grand jury entered a true bill indicting the defendant on all counts. The defendant remained in pretrial detention during the pendency of the matter.

¶ 5     On September 29, 2023, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The defendant did not file a motion requesting a hearing to have his monetary condition of bail removed.

¶ 6     The State's petition was called for hearing on October 20, 2023. The defendant's counsel did not object to the filing of the petition.

¶ 7     At the conclusion of the hearing, the circuit court entered an order denying the defendant pretrial release. The defendant filed a timely notice of appeal on November 3, 2023.

¶ 8                                         II. ANALYSIS

¶ 9     On appeal, the defendant argues, *inter alia*, that the circuit court erred when it granted the State's petition to detain him because the State did not have the authority to file a petition to deny pretrial release due to the timing requirements of section 110-6.1(c)(1) (*id.* § 110-6.1(c)(1)). The defendant acknowledges that his attorney did not object to the State's petition and that this claim of error was not raised in his notice of appeal. The defendant seeks review of the claimed error

2

under the second prong of the plain-error doctrine. Under the second prong of plain-error review, a reviewing court may consider a forfeited error when the error is so serious that it deprives the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 170 (2005).

¶ 10    On appeal, the State responds regarding this issue with the following single sentence: "The State did file its petition to deny defendant pretrial release in a timely manner pursuant to 725 ILCS 5/110-6.1 and 725 ILCS 5/110-7.5 (b)(1)." No other argument or reasoning is put forward.

¶ 11    After reviewing the intradistrict split created by *People v. Presley*, 2023 IL App (5th) 230970, we follow our prior decisions and precedent in *People v. Rios*, 2023 IL App (5th) 230724; *People v. Vingara*, 2023 IL App (5th) 230698; *People v. Swan*, 2023 IL App (5th) 230766; *People v. Mosley*, 2023 IL App (5th) 230823-U; *People v. Gurlly*, 2023 IL App (5th) 230830-U; and *People v. Scott*, 2023 IL App (5th) 230897-U. Accordingly, we will apply second prong plain-error review as the defendant's fundamental right to liberty is affected by a hearing to detain him until trial when said hearing was not authorized by statute. The Act makes clear on its face that the intent is to protect a person's fundamental right to liberty before trial, as set forth below:

"(a) All persons charged with an offense shall be eligible for pretrial release before conviction. It is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release ***. ***

* * *

(e) This Section shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that

3

the person will not attempt [to] obstruct the criminal justice process, and the person's compliance with conditions of release ***." 725 ILCS 5/110-2(a), (e) (West 2022).

¶ 12     This court determined that the plain language of section 110-6.1(c)(1) (725 ILCS 5/110-6.1(c)(1) (West 2022)) set forth a deadline for the State to file a petition to detain. Specifically, this court determined:

> "The State may file a petition to detain at the time of the defendant's first appearance before a judge; no prior notice to the defendant is required. Alternatively, the State may file a petition to detain the defendant within 21 calendar days after the arrest and release of the defendant; however, reasonable notice is to be provided to the defendant under this circumstance." *Rios*, 2023 IL App (5th) 230724, ¶ 10.

¶ 13     This court went on to find that the exceptions to the above timing requirement set forth in section 110-6.1(c)(1) (725 ILCS 5/110-6.1(c)(1) (West 2022)) were not applicable to the defendant since the defendant had not been released following his arrest and no new offenses had been alleged. *Rios*, 2023 IL App (5th) 230724, ¶ 12. As such, this court determined in *Rios* that the State's petition to detain pursuant to section 110-6.1 was untimely, and that the circuit court did not have the authority to detain the defendant pursuant to the untimely petition. *Id.* For the reasons set forth in *Rios*, we make the same determination in this matter and find that the State's petition was untimely, and that the circuit court did not have the authority to detain the defendant pursuant to the untimely petition.

¶ 14     This court, in *Rios*, went on to find that the defendant fell within section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), as he was a person who remained in pretrial detention, on or after January 1, 2023, after having been ordered released with pretrial conditions. *Rios*, 2023 IL App (5th) 230724, ¶ 14. Section 110-7.5(b) states that such a defendant "shall be entitled to a

hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). This court further found that, in reviewing and analyzing sections 110-6.1(c)(1), 110-6, and 110-5(e) (*id.* §§ 110-6.1(c)(1), 110-6, 110-5(e)), along with one another and the entire Code, defendants, such as the defendant in *Rios* and the defendant in this matter, have the following two options:

> "Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously set monetary security may be paid. A defendant may elect this option so that they may be released under the terms of the original bail." *Rios*, 2023 IL App (5th) 230724, ¶ 16.

¶ 15    This court came to the above conclusion because, although the plain language of section 110-1.5 of the Code (725 ILCS 5/110-1.5 (West 2022)) abolished the requirement of posting a monetary bail, it did not eliminate the option to post the previously ordered security, and some defendants may prefer the second option, as opposed to requesting a hearing. *Rios*, 2023 IL App (5th) 230724, ¶ 17. Accordingly, the defendant may elect to stand on his original pretrial condition to post monetary bail or he may file a motion for hearing under section 110-5(e).

¶ 16    In this case, the defendant did not file a motion for the removal of the monetary condition of bail. Defense counsel's argument that the defendant should be released, made in response to the State's petition to detain, does not rise to the level of the defendant making an election to have a hearing to remove the monetary condition of bail.

¶ 17    We find that the circuit court erred in granting the State's untimely motion to deny pretrial release and that the error affected substantial rights of the defendant under the second prong of the plain-error doctrine. In light of this determination, we need not address the defendant's remaining issues on appeal. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967); *People v. Piatkowski*, 225 Ill. 2d 551, 564-

65 (2007); *People v. Swan*, 2023 IL App (5th) 230766, ¶ 26. Accordingly, the detention order issued October 20, 2023, is vacated, and the original bond is reinstated. On remand, defendant may elect to stand on the terms of his original pretrial conditions—an election that requires no action on his part—or he may file a motion for a hearing under section 110-5(e). *Swan*, 2023 IL App (5th) 230766, ¶ 25.

¶ 18                               III. CONCLUSION

¶ 19    For the reasons stated, we vacate the circuit court's order granting the State's petition to detain and remand the matter to the court for further proceedings.


¶ 20    Order vacated; cause remanded.