**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240612-U

Order filed January 22, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0612 Circuit No. 23-CF-188 |
| MARK F. EUGENE, | ) ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Brennan and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The court did not err in denying pretrial release.

¶ 2        Defendant, Mark F. Eugene, appeals from the denial of his pretrial release, arguing (1) the court did not find that continued detention was necessary at each subsequent appearance, (2) his speedy trial rights were violated, (3) the State's petition to deny pretrial release was untimely, (4) the State did not present sufficient evidence that defendant was a danger, and (5) there were conditions to mitigate any threat that he posed. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4          In February 2023, defendant was indicted on two counts of aggravated battery (Class X and Class 3) (720 ILCS 5/12-3.05(e)(1), (f)(1), (h) (West 2022)) and two counts of unlawful possession of a weapon by a felon (Class 3) (*id.* § 24-1.1(a), (e)). He was arrested on March 1, 2023, and his bail was set at $5 million and later reduced to $3 million. In May 2023, defendant's counsel submitted an affidavit signed by the victim urging the State to consider dropping the charges, and averring that many of his statements to police were "exaggerated, and even untrue." On August 19, 2024, counsel requested a hearing regarding pretrial release and agreed to continue the case to August 21, 2024. In response, the State filed a verified petition to deny pretrial release, alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). Defendant has remained in custody since his arrest.

¶ 5          The factual basis provided that on January 30, 2023, officers responded to the scene of a shooting. Bart Dulleck had sustained a gunshot wound to the back and was transported to the hospital. He sustained damage to his kidney and intestines. Defendant was dating the daughter of Dulleck's girlfriend. Dulleck had attempted to diffuse an incident when defendant approached him and struck him in the face with a firearm. A fight then ensued between Dulleck and defendant, and defendant shot Dulleck in the back. At least two other people witnessed the event. After defendant was arrested and taken to jail, he made numerous phone calls, including some "to tell his girlfriend to get [Dulleck] to change his story" in an apparent attempt to have the charges dropped. Defendant's prior criminal history included three separate instances of aggravated fleeing and eluding, felony criminal damage to property, and felony possession of a stolen motor vehicle.

¶ 6    A hearing was held on the State's petition on August 21, 2024. The State provided the factual basis and defendant's criminal history. The State noted Dulleck was interviewed a second time and "stated that he was basically persuaded" to sign an affidavit stating this was a private family matter and he did not wish to proceed with the case. The State said,

> "the defendant would be a danger to society, or specifically to the victim in this case, having already reached out over the phone, in the jail phone calls, to influence that individual from jail, which it looks like he was at least partially successful in doing. So the State believes there is no other way to mitigate that risk, as if he can do it from the jail, he surely can do it from outside the jail."

Defense counsel argued the State's petition was untimely, Dulleck retracted his statements to police by way of affidavit, and defendant could live with his elderly father if released. Counsel asked for defendant to be released on electronic monitoring with a no-contact order as to Dulleck and an order to refrain from possessing firearms.

¶ 7    The court granted the State's petition, finding by clear and convincing evidence that the proof was evident (1) defendant committed a detainable offense, (2) defendant posed a danger to the community, and (3) no conditions could mitigate that danger. The court highlighted defendant was not supposed to possess a firearm yet did not follow that condition. The court further stated,

> "The argument that this is a private family matter doesn't really matter to me because it still involves somebody being shot with a firearm in their home. *** That's a significant violent allegation that the defendant is facing, that mixed with the fact that there's at least some allegation that the defendant has been trying to get the victim in this case to change his story bothers me, and it does make me

believe that the defendant is a threat not only to the community, as a whole, but also to the victim in this matter."

After the hearing, defense counsel argued a previously filed motion to dismiss. Specifically, the motion contended that defendant's speedy trial rights had been violated. The court denied the motion.

¶ 8    Defendant filed a motion for relief, arguing the State's petition was untimely, the State did not prove that defendant was a danger, his speedy trial rights have been violated, and conditions existed to mitigate any threat to Dulleck. After a hearing, the court denied the motion.

¶ 9                                  II. ANALYSIS

¶ 10    On appeal, defendant contends the court abused its discretion in granting the petition to detain. Specifically, he argues the court did not find continued detention was necessary at each subsequent appearance, his speedy trial rights were violated, the State's petition was untimely, the State did not present sufficient evidence that defendant was a danger, and there were conditions to mitigate any threat that he posed.

¶ 11                       A. Arguments Not Properly Before Us

¶ 12    Initially, there are a number of contentions that we cannot consider in this appeal. Defendant states in his memorandum that he "wishes to incorporate all his arguments in all his filings, as well as his oral arguments presented in the transcripts and [m]otions." Though it is not necessary to file a memorandum, "[i]f a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). "We have repeatedly admonished litigants that this court is not a depository into which the parties may dump the burden of argument and research." *People v. Woods*, 2024 IL App (3d) 230592, ¶ 31. "Accordingly, we routinely hold that the failure to develop an argument in support of a bare

4

contention forfeits that contention, and we do not consider it further." *Id.* While Rule 604(h) appeals are subject to a different process, "[w]e do not believe this is a sufficient reason *** to nullify the long-standing body of law requiring an appealing party to establish error warranting relief through reasoned argument, supported by references to the record and authority if available." *Id.* ¶ 32. Therefore, we will not consider any contention not specifically raised and argued in the memorandum. Further, defendant argues the court failed to make a finding that continued detention was necessary at each subsequent hearing. However, defendant did not raise this issue in his motion for relief and it is therefore waived. Ill. S. Ct. R. 604(h)(2) (Apr. 15, 2024).

¶ 13    Defendant also contends his speedy trial rights were violated. He had filed and argued a motion to dismiss based on speedy trial concerns in the trial court. However, this is not a proper order to appeal from in an appeal under Illinois Supreme Court Rule 604(h). Under the rule, the only orders that can be appealed from are those (1) imposing conditions of pretrial release, (2) revoking pretrial release or denying a petition to revoke pretrial release, (3) denying pretrial release, and (4) denying a petition to deny pretrial release. Ill. S. Ct. R. 604(h)(1) (eff. Apr. 15, 2024). The failure of the court to dismiss the case based on speedy trial grounds does not fall within this list and, therefore, may not be raised in this appeal.

¶ 14    Therefore, the only issues properly before us are the timeliness of the State's petition, the State's evidence that defendant was a danger, and any conditions that could be imposed. We will consider each of these arguments in turn.

¶ 15                    B. Untimeliness

¶ 16    Defendant contends that the State's petition was untimely. We have already considered this issue in *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶¶ 14-15. In *Kurzeja*, we stated that defendants who were arrested prior to the implementation of bail reform

"can either 'elect to stay in detention until such time as the previously set monetary security may be paid' (*People v. Rios*, 2023 IL App (5th) 230724, ¶ 16), or file a motion to modify. If defendant chooses the latter option, the State may file a responding petition. '[O]nce a defendant elects "to have their pretrial conditions reviewed anew" (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. 'This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law.' *Rios*, 2023 IL App (5th) 230724, ¶ 17." *Id.* ¶ 14.

Based on this, we found the State was permitted to file a responsive petition if the defendant chose to file a motion to reopen the conditions of bail. *Id.* ¶ 15. We adhere to *Kurzeja* and, under the same reasoning, find the State's petition timely.

¶ 17                                    C. Granting of Petition to Deny Pretrial Release

¶ 18          Lastly, defendant contends the court abused its discretion in granting the State's petition to deny pretrial release. Specifically, he argues the State failed to prove he was dangerous and no conditions existed to mitigate any risk he posed. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. "Under either standard, we consider whether the court's determination is arbitrary or unreasonable." *Id.*

¶ 19    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 20    We find the court did not err in granting the petition. Defendant showed he was a danger to Dulleck and the community when he shot Dulleck in the back. While defendant takes issue with the evidence presented being hearsay, pretrial release hearings are not subject to the traditional rules of evidence. See *id.* § 110-6.1(f)(5). Moreover, the State presented evidence that no conditions existed to mitigate the threat defendant posed. The statute provides factors the court can consider when determining the conditions of release, and the State presented evidence of such factors, including the nature and circumstances of the offense and the history and characteristics of defendant. *Id.* § 110-5. Defendant had a criminal history, possessed and used a firearm when it was unlawful for him to have one in his possession, and called his girlfriend to convince the victim to "change his story." Based on the foregoing, the court's decision to grant the petition was not an abuse of discretion.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 23    Affirmed.