**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240088-U

Order filed May 17, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0088 Circuit No. 20-CF-1888 |
| | ) | |
| TIMOTHY JACKSON, | ) ) | The Honorable Margaret M. O'Connell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Trial court did not err in detaining defendant where, while on probation for felony escape and out on bond in another case, he was charged with 10 felonies in this case, including aggravated unlawful restraint and armed violence.

¶ 2     While in pretrial custody, defendant filed a motion seeking release. The State filed a verified petition to deny pretrial release. Following a hearing, the circuit court denied defendant's motion and granted the State's petition. Defendant appeals, arguing that (1) the State's petition was untimely, (2) the State did not present any evidence, (3) the court "refused to consider GPS

monitoring or similar conditions," and (4) there was a conflict of interest between counsel and defendant. We affirm.

¶ 3                                                    BACKGROUND

While on probation for felony escape (18-CF-1077) and out on bond in two other cases (20-CF-76 and 20-CF-106), on January 11, 2022, defendant Timothy Jackson, was indicted in this case (20-CF-1888) for aggravated unlawful restraint (720 ILCS 5/10-3.1(a) (West 2020)), unlawful restraint (*id.* § 10-3(a)), armed violence (*id.* §§ 33A-2(a), 33A-3(a)), six counts of unlawful use or possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a), (e)), and driving while license revoked (625 ILCS 5/6-303(a), (d-3) (West 2020)). Defendant's bond was set at $100,000, and defendant remained in custody.

¶ 4                On December 23, 2023, defendant filed a motion seeking pretrial release in four of his pending cases: 18-CF-1026, 20-CF-106, 20-CF-76, and 21-CF-1888.[1] On January 9, 2024, the State filed a verified petition to deny pretrial release in this case and case No. 20-CF-76, alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The State also alleged that defendant had a high likelihood of flight to avoid prosecution.

¶ 5                                          A. Petition to Detain

¶ 6                Attached to the State's verified petition was a narrative setting forth the following factual basis. On October 22, 2021, an officer was approached by a person who indicated he was in communication with Shelby Richmond via Facetime. Richmond had reported to him that defendant had just held her at gunpoint. Officers were dispatched and located Richmond. When

---

[1]Defendant filed multiple similar motions before this but withdrew them before they could be ruled on.

officers met with Richmond, they found her bleeding from a laceration on her forehead. During an interview at the police station, Richmond displayed a scrape on her elbow in addition to the cut on her head. She told the detectives that she and defendant had engaged in a sexual relationship on an intermittent basis for the last six years and had previously lived together. Throughout their relationship, defendant battered her on numerous occasions, including incidents where defendant shot her in the leg and broke her jaw. Richmond did not report these incidents to the police because she was afraid of the ramifications.

¶ 7        Richmond told the officers that when she returned to her apartment on the morning of October 22, 2021, she observed defendant parked in the parking lot in a Subaru. Richmond drove around to avoid him, but defendant followed her. Richmond drove back to her apartment and parked in the parking lot of her building. Defendant parked beside her and followed her inside her apartment. Once inside the apartment, defendant became argumentative and demanded to see Richardson's phone to see who she was "messing with." She initially refused until defendant pulled a black semi-automatic handgun out of his waistband and pointed it at her. Defendant exclaimed, "I'll kill you bitch" and then hit her with the barrel of the pistol, which caused a laceration above her right eye. Defendant then pushed her down onto the ground, which caused an abrasion on her right forearm. After that, defendant held a pillow against her head while pressing the pistol into the pillow and again threatened to kill her. Defendant then left the apartment on foot.

¶ 8        Thereafter, officers located defendant in the Subaru, but before officers were able to take him into custody, he fled on foot. The Subaru was searched pursuant to a search warrant and a magazine belonging to a 40 caliber Glock firearm was found. The magazine was fully loaded and on the driver's side. An arrest warrant was issued for defendant.

¶ 9      On October 22, 2021, defendant was out on bond in two other cases: 20-CF-76, and 20-CF-106. In case No. 20-CF-76, defendant was charged with two counts of unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2020)), aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(C), (d)(1)), three counts of armed violence (*id.* §§ 33A-2(a), 33A-3(a)), two counts of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(A), (a)(3)(C), (d)(3), (d)(4)), theft (*id.* § 16-1(a)(4)(A), (b)(4)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)), and driving while license revoked (625 ILCS 5/6-303(a), (d-3) (West 2020)).

¶ 10      After the incidents on October 22, 2021, defendant failed to appear in court on case Nos. 20-CF-76 and 20-CF-106. On December 17, 2021, defendant was picked up in Wheeling and taken into custody on all outstanding warrants. He did not post bond and has been in custody ever since.

¶ 11                              B. Pretrial Detention Hearing

¶ 12      Defendant's pretrial detention hearing was held on January 22, 2024. The court indicated that it read the factual basis as provided in the petition. The State highlighted defendant's criminal history, which included convictions for unlawful possession of a controlled substance (14-CF-882), unlawful possession of a weapon by a felon (15-CF-70), as well as felony escape (18-CF-1077) for which defendant was still on probation. The State argued that defendant's escape conviction "sheds light that the Defendant is a willful flight risk *** and will avoid apprehension at all cost[s]." Defense counsel argued that defendant had never been convicted of a violent offense.

¶ 13      The court granted the petition under both dangerousness and flight, finding that the State met its burden by clear and convincing evidence. In doing so, the court indicated that defendant posed a threat to Richmond and possessed a weapon, when "there's no legal way for him to have

4

been able to do that." The court noted that defendant had a felony escape charge and there were no conditions available to mitigate the threat defendant posed.

¶ 14                                                    ANALYSIS

¶ 15        On appeal, defendant argues (1) the State's petition was untimely, (2) the State did not present any evidence, (3) the court "refused to consider GPS monitoring or similar conditions," and (4) there was a conflict of interest between counsel and defendant. We consider whether factual findings are against the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 16        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). Sections 110-5(a) and 110-6.1(g) set forth factors for the court to consider when determining dangerousness and any conditions. *Id.* §§ 110-5(a), 110-6.1(g).

¶ 17        First, we have already considered the issue of the State's timeliness in *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶¶ 14-15. In *Kurzeja*, we stated that defendants who were arrested prior to the implementation of bail reform

"can either 'elect to stay in detention until such time as the previously set monetary security may be paid' (*People v. Rios*, 2023 IL App (5th) 230724, ¶ 16), or file a motion to modify. If defendant chooses the latter option, the State may file a responding petition. '[O]nce a defendant elects "to have their pretrial conditions reviewed anew" (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. 'This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law.' *Rios*, 2023 IL App (5th) 230724, ¶ 17." *Kurzeja*, 2023 IL App (3d) 230434, ¶ 14.

Thus, the State is permitted to file a responsive petition if the defendant files a motion to reopen the conditions of release. See *id.* ¶ 15. Here, defendant filed a motion seeking pretrial release, and the State properly filed a petition to detain in response to that motion.

¶ 18    Second, while defendant argues that the State presented no live witnesses or physical evidence, the statute specifically states that the State "may present evidence at the hearing by way of proffer," (*id.* § 110-6.1(f)(2)) and the rules of evidence do not apply to the hearing (*id.* § 110-6.1(f)(5)). Through the factual basis, petition, and hearing, the State provided evidence and argument regarding the factors in section 110-5(a), including the nature and circumstances of the offense and the history and characteristics of defendant. *Id.* Defendant was charged with 10 felony offenses in this case while on probation for felony escape. When he committed the crimes in this case, he was out on bond in another case in which he was charged with 10 felonies. Following the

incidents on October 22, 2021, defendant failed to appear in court. Defendant was in possession of a weapon and ammunition. He caused physical harm to Richmond and threatened to kill her. The court found defendant dangerous and a flight risk and indicated that no conditions would mitigate the threat defendant posed. While the court did not specifically mention GPS monitoring, it was not required to do so.

¶ 19 Based on the evidence and argument presented, it was not against the manifest weight of the evidence for the court to determine that defendant was dangerous, a flight risk, and unlikely to comply with any conditions of pretrial release. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 20 Finally, while defendant argues that there was a conflict of interest between him and defense counsel, the limited record before us shows that defendant was given new counsel earlier in the proceedings when he brought a conflict of interest to the court's attention. There is no indication in the record that there was any conflict between defendant and his new counsel.

¶ 21 CONCLUSION

¶ 22 The judgment of the circuit court of Du Page County is affirmed.

¶ 23 Affirmed.